(35 Misc. Rep. 105.)

### KENNEDY v. STEELE.

(Supreme Court, Special Term, Onondaga County. May, 1901.)

ATTORNEY'S LIEN.

　　An attorney entered into a contract with an administratrix to prosecute pending actions to recover insurance upon the life of her deceased husband for a certain proportion of the recovery if successful, he to have no compensation in case of defeat. *Held* to give him a lien on the fund after recovery which he could enforce in equity against a third person in whose hands the compensation is set apart without an allowance by the surrogate of such amount to the administratrix on her final accounting.

Action by James J. Kennedy against Blanche M. Steele, individually and as administratrix, and Frank Z. Wilcox. Demurrer to complaint overruled.

William Kennedy, for plaintiff.
Frank Z. Wilcox, for defendants.

HISCOCK, J. Separate demurrers have been served by each of the defendants to plaintiff's complaint upon the grounds (1) that it appears upon the face of the complaint that the supreme court has not jurisdiction of the subject of the action; (2) that it appears upon the face of the complaint in this action that the said complaint does not state facts sufficient to constitute a cause of action.

Plaintiff's complaint alleges, in substance, that on October 19, 1897, the defendant Blanche M. Steele was the administratrix of the estate of Herbert A. Steele, her husband, and that on that day there was pending and undetermined in the supreme court an action brought by her as such administratrix to recover upon two policies of insurance executed upon the life of her said husband; that on said day she retained plaintiff's assignor, one William Kennedy, to act as

counsel in the prosecution of said action, "agreeing upon his [her] part that the sum of $250 of the proceeds recovered in said action should belong to the said Kennedy for his services as counsel in the action, the same to be paid to him by said Blanche M. Steele out of the proceeds by any recovery in the action when the same should come to her hands, and, in case no recovery was had, then he was to receive no compensation for his said services"; that said Kennedy fully performed his .part of the contract with the said Steele, and so successfully aided and assisted the plaintiff as counsel that finally thereafter, through the decision of the court of appeals, a judgment was obtained in her favor for the sum of over $5,000, the amount and proceeds of which duly came into her hands; that, instead of paying therefrom to said Kennedy said sum of $250, she has refused to do the same, but has placed said amount in the hands of the defendant Wilcox as a pretended trustee for said Kennedy. And said complaint further alleges that said Steele and said Wilcox, acting in concert, are capriciously and unreasonably refusing to pay over said amount to said Kennedy, upon the ground and pretext that his claim must be passed upon by the surrogate's court, and that in the meantime said Steele is delaying her accounting and is dissipating the estate; that said Steele and said Wilcox are both of them financially irresponsible. It is also further alleged and appears from said complaint that the said $250 was by Mr. Sargent, the attorney of record in said litigation, at the request of the defendant Steele, paid over to the defendant Wilcox for the benefit of Mr. Kennedy, said Wilcox and said Steele, between themselves, executing a memorandum of that fact, but attaching, as a condition to the payment by Wilcox to Kennedy of said $250, that his claim should be allowed upon a final accounting of the estate in the surrogate's court of Onondaga county. It also appears, in addition to the other allegations of the complaint hereinbefore referred to, that said Steele executed a written paper which provided for the payment of said $250 to said Kennedy out of the proceeds of said litigation, and provided that, in case there was no recovery, no allowance should be made to him. The complaint also sets up the necessary assignment to plaintiff, and asks judgment establishing a lien upon said sum of $250, and directing its payment over to plaintiff.

As appears by the recital of the grounds set forth in their respective demurrers, the defendants' claim in this action is that the plaintiff has no right to the sum of $250 until allowed by a final decree in the surrogate's court; that the defendant Steele did not have the right or power to make Mr. Kennedy's compensation a charge upon the assets of the estate which she represented; and that he has no claim against said estate, but that his claim is against said Steele individually. If this was an ordinary action at law, defendant's reasoning might be well laid, but such is not the case. This is an equitable action to establish a lien upon and right to a separate fund, which is concededly in the hands of the defendant Wilcox for the benefit of this plaintiff, as assignee of Mr. Kennedy. The only question is whether Mrs. Steele could give plaintiff's assignor a lien upon or right to part of the proceeds of the litigation which he was help-

ing to prosecute for her benefit. I think this question, however, has been fully settled in plaintiff's favor. It does not appear that the estate represented by Mrs. Steele had any other assets than the litigation in which Mr. Kennedy was engaged. That, under those circumstances, she had a right to give him a claim upon part of the proceeds of that litigation for his compensation, if successful, and at the same time to exempt herself individually and the estate from any charge if the litigation was unsuccessful, I regard as well established by the following authorities: Randall v. Dusenbury, 39 N. Y. Super. Ct. 174, affirmed in 63 N. Y. 645; Noyes v. Blakeman, 6 N. Y. 567; New v. Nicoll, 73 N. Y. 127, 29 Am. Rep. 111; Harwood v. La Grange, 137 N. Y. 538, 32 N. E. 1000; In re Knapp, 85 N. Y. 284. The demurrer served separately by each defendant is overruled, with costs to be taxed from the time the demurrer was served at the same rate as in an action at law. The usual interlocutory judgment may be entered also, giving defendants the right, within 10 days after payment of such costs, to serve an amended pleading, if so advised.

Ordered accordingly.